UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Steven Clarence Holman,           ) C/A No. 9:16-2744-JMC-BM
                                  )
                    Petitioner,   )
                                  )
vs.                               )
                                  ) **REPORT AND RECOMMENDATION**
Travis Bragg, *Warden*,           )
                                  )
                    Respondent.   )
_____)

The pro se Petitioner, Steven Clarence Holman, brings this application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241. Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[1] 28 U.S.C. § 2254; the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v.

---

[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].



Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, for the reasons set forth hereinbelow the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner, an inmate at FCI-Bennettsville, challenges his mandatory minimum sentence that was imposed pursuant to the Armed Career Criminal Act under 18 U.S.C. § 924(e). Petition, ECF No. 1 at 2. Petitioner was indicted for, and later pled guilty to, one count of possession of a firearm in commerce after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and one count of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On November 12, 2008, he was sentenced to 210 months imprisonment for the possession of a stolen firearm offense and to a concurrent 120 months imprisonment for the possession of a stolen firearm offense. See ECF No. 1 at 1. Petitioner did not file a direct appeal. On October 1, 2009, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in which he argued ineffective assistance of counsel, which was denied on August 16, 2010. See Holman v. United States, Nos. 1:09CV778, 1:08CR35-1 (M.D.N.C.)[2]; ECF No. 1 at 1-4. On July 2, 2014,

---

[2] A federal court may take judicial notice of the contents of its own record, see Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1979), as well as of factual information located in postings on government web sites, see Tisdale v. South Carolina Highway Patrol, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05-4182, 2008 WL 4185869, at *2 (E.D.La. Sept. 8, 2008)[noting that courts may take judicial notice of governmental website including other courts' records].

2

Petitioner filed a motion under 28 U.S.C. § 2244(b)(3)A) seeking permission from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion, which was denied on May 16, 2016. See ECF No. 1 at 4.

Petitioner argues that at the time of his sentence, direct appeal, and initial § 2255 motion, Fourth Circuit precedent foreclosed his argument and that an intervening change in the law, announced in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), rendered him actually innocent of the mandatory minimum sentence he received under 18 U.S.C. § 924(e). ECF No. 1 at 5; Petitioner's Memorandum, ECF No. 1-1 at 2. He requests that he be resentenced without the mandatory minimum sentence required under 18 U.S.C. § 924(e). ECF No. 1 at 8.

This action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," not through a Petition filed pursuant to § 2241. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, 238 F.3d 411 (4th Cir. 2000). Although Petitioner indicates that he has been unsuccessful in seeking relief under § 2255, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that



3

provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1104 n. 5.

The Fourth Circuit announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

Petitioner has not alleged that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Rather, Petitioner asserts that the sentencing court improperly enhanced his sentence under § 924(e) because one of his state court convictions no longer qualifies as a predicate for enhancement of his federal sentence and he is actually innocent of the mandatory minimum sentence he received. See ECF No. 1 at 5, ECF No. 1-1 at 3. The United States Court of Appeals for the Fourth Circuit has not, however, extended the reach of the savings clause to petitions which challenge only a sentence. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); Farrow v. Revell, 541 F. App'x 327 (4th Cir. 2013) [challenge to sentencing factor is not cognizable under § 2241]. Accordingly, Petitioner fails to state a cognizable § 2241 claim as to his argument concerning his sentence. See United States v. Pettiford, 612 F.3d 270, 284



4

(4th Cir. 2010)[holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"]; see also Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)[refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender].

In his memorandum in support of his habeas petition, Petitioner also asks that this action be held in abeyance until the Fourth Circuit renders its decision in United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), reh'g en banc granted (4th Cir. Dec. 2, 2015). ECF No. 1-1 at 2-3. In Surratt, a Fourth Circuit panel held that Jones requires "actual innocence of a criminal act" for relief under § 2241. Id. at 247. The undersigned is aware that in Surratt, the Fourth Circuit also appeared to leave open the possibility of relief under § 2241 for an allegedly unlawful sentence to a term of imprisonment exceeding the statutory maximum for the underlying charge. See Surratt, 797 F.3d at 269. However, pursuant to Fourth Circuit Local Rule 35(c), "[g]ranting of rehearing en banc vacates the previous panel judgment and opinion." In light of currently controlling law under Jones, as discussed above, Petitioner cannot show that he is entitled to relief under § 2241. See, e.g., Rosario v. F.C.I. Bennettsville, No. 16-33-RBH-BM, 2016 WL 4951163, at *3 (Aug. 9, 2016)[declining to stay based on Surratt and dismissing a § 2241 petition challenging a sentence enhancement because the petitioner failed to satisfy the second prong of Jones and show that a subsequent change in substantive law deemed noncriminal the conduct of which he was convicted; Sullivan v. Warden, SPC-Edgefield, No. 5:16-1211-HMH-KDW, 2016 WL 3162235 (D.S.C. June 6, 2016)[same].



5

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

January 6, 2017
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

